Maureen K. Bogue (State Bar No. 194755)
maureen@pacificemploymentlaw.com
Noah Levin (State Bar No. 263069)
noah@pacificemploymentlaw.com
PACIFIC EMPLOYMENT LAW LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Tel.: (415) 985-7300
Fax: (415) 985-7301

Attorneys for Defendant
FIRST SOLAR, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>CLP RESOURCES, INC., TRUEBLUE, INC., FIRST SOLAR, INC.,<br><br>        Defendants. | Case No. 2:16-CV-2133<br><br>**DEFENDANT FIRST SOLAR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant First Solar, Inc. ("First Solar"), hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. section 1332, to effect removal of the above-captioned action from the Superior Court of California, County of Los Angeles.

## I.    BACKGROUND

1.    This removal involves an action that was filed on behalf of a single plaintiff in the Superior Court of the State of California for the County of Los Angeles. The

action is titled "*Tim Jones v. CLP Resources, Inc., TrueBlue, Inc., First Solar, Inc.,*" Case No. MC025546.  The operative Complaint (the First Amended Complaint) alleges sixteen (16) causes of action:  (1) Failure to Pay Minimum Wage and Overtime; (2) Failure to Provide Accurate Itemized Wage Statements; (3) Failure to Maintain Accurate Payroll Records; (4) Failure to Provide Rest Breaks; (5) Failure to Provide Proper Meal Breaks; (6) Continuing Wages; (7) Failure to Reimburse Expenses; (8) Breach of Contract; (9) Failure to Provide Employment Records Upon Request; (10) Civil Penalties under PAGA; (11) Failure to Provide Employment Records Upon Request; (12) False representations; (13) Fraud/Negligent Representation; (14) Retaliation and Termination in Violation of Labor Code section 1102.5; (15) Retaliation and Wrongful Termination in Violation of Public Policy; and (16) Violation of Business & Professions Code section 17200.  (*See* First Amended Complaint, attached hereto as Exhibit 69.)

## II.     TIMELINESS OF REMOVAL

2.     A copy of the pleadings and process filed in the state court action are attached hereto as Exhibits 1-69.

3.     This Notice of Removal is timely filed as it is filed within one year of the commencement of this action (June 17, 2015) and within thirty days of receipt by First Solar of an "other paper" from which First Solar was able to ascertain that the case is removable.  *See* 28 U.S.C. § 1446(b)(3).  Specifically, this Notice of Removal is being filed within 30 days of First Solar's receipt of Plaintiff's Supplemental Interrogatory Responses to CLP Resources, Inc.'s Form Interrogatories – General (served by overnight delivery on March 1, 2016 and sent to counsel by email on the same day), in which Plaintiff first provided a computation of his claimed damages in this action establishing that the amount in controversy in this action exceeds $75,000.  *See* Declaration of Maureen K. Bogue in Support of Defendant First Solar, Inc.'s Notice of Removal of Civil Action to United States District Court ("Bogue Decl.") ¶ 5, Exh. A.

### III. PROCEEDINGS IN STATE COURT

4. Plaintiff filed his Verified Complaint on June 17, 2015. CLP Resources, Inc. and TrueBlue, Inc. answered Plaintiff's Verified Complaint on July 31, 2015. First Solar answered Plaintiff's Verified Complaint on August 10, 2015.

5. On December 14, 2015, First Solar filed a Motion to Compel Plaintiff to provide further discovery responses and for sanctions.

6. On January 15, 2016, CLP Resources, Inc. and TrueBlue, Inc. filed a Motion to Compel Plaintiff to respond to Form Interrogatories – General and for sanctions, a Motion to Compel Plaintiff to respond to Requests for Production and for sanctions, and Motion for Judgment on the Pleadings as to Plaintiff's Sixth, Tenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action.

7. On February 2, 2016, the Court granted First Solar's Motion to Compel and order that Plaintiff and counsel pay sanctions to First Solar.

8. On February 8, 2016, Plaintiff substituted Harris and Ruble as his counsel in this action.

9. After granting Plaintiff *ex parte* relief to extend the briefing deadlines and hearing date on CLP Resources, Inc. and TrueBlue, Inc.'s Motion for Judgment on the Pleadings, on March 10, 2016, the Court granted that Motion as to Plaintiff's Tenth Cause of Action (with leave to amend) and Fifteenth Cause of Action (without leave to amend).

10. On February 26, 2016, Plaintiff filed a Motion for Summary Adjudication as to Plaintiff's Second, Fifth, and Seventh Causes of Action.

11. On March 21, 2016, Plaintiff filed a First Amended Complaint.

12. The Superior Court conducted Case Management Conferences on October 19, 2015 and November 19, 2015. A hearing on Plaintiff's Motion for Summary Adjudication as to Plaintiff's Second, Fifth, and Seventh Causes of Action currently is set for hearing on May 12, 2016. A Post-mediation Status Conference is scheduled for June 8, 2016. A Final Status Conference is set for July 18, 2016, and the case is set for

3

DEFENDANT FIRST SOLAR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 - Case No: 2:16-CV-2133

trial on July 29, 2016. There are no other proceedings scheduled in the Superior Court. Exhibits 1 - 69, attached hereto constitute all of the pleadings filed in the Superior Court prior to the filing of this Notice of Removal.

## IV.    BASIS FOR REMOVAL

1. The Court has original jurisdiction of this action pursuant to 28 U.S.C. sections 1441(a) and 1332 because the amount in controversy exceeds $75,000 and the Plaintiff is a citizen of a State different from that of each Defendant.

**A.    Diverse Citizenship**

2. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. supra,* 559 U.S. at 92-93. Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*

3. **Plaintiff:**   At the time this action was filed, and presently, Plaintiff was and is a resident of Nevada. *See* Bogue Decl. at ¶ 8, Exh. B. Thus, Plaintiff was, and has been at all times since this action commenced, a citizen of the State of Nevada.

4. **Defendant First Solar, Inc.:**  First Solar, Inc. is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware with its principal place of business in the State of Arizona. Arizona is the site of the headquarters and executive offices for First Solar, Inc.

5. **Defendant CLP Resources, Inc.:**  CLP Resources, Inc. is now, and ever since this action commenced has been, a corporation incorporated under the laws of the

4

**DEFENDANT FIRST SOLAR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 - Case No: 2:16-CV-2133**

State of Delaware with its principal place of business in Tacoma, Washington. Defendant CLP Resources, Inc. consented to and joins in the removal of this action. (*See* Bogue Decl. at ¶ 7.)

6.  **Defendant TrueBlue, Inc.**:  TrueBlue, Inc. is now, and ever since this action commenced has been, a corporation incorporated under the laws of the State of Washington with its principal place of business in Tacoma, Washington.  Defendant TrueBlue, Inc. consented to and joins in the removal of this action.  (*See* Bogue Decl. at ¶ 7.)

**B.    Amount In Controversy**

Plaintiff's claimed damages in this action exceed the $75,000 threshold for this Court to have original jurisdiction.  (Bogue Decl. at ¶ 6, Exh. A.)

### V.    VENUE

Venue lies in the United State District Court for the Central District of California, Western Division pursuant to 28 U.S.C. sections 84(c); 1391(b), 1446(a).  This action was originally brought in the Superior Court of the State of California, County of Los Angeles.

### VI.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE SUPERIOR COURT

Notice of this Notice of Removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

5

**DEFENDANT FIRST SOLAR, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 - Case No: 2:16-CV-2133**

1  WHEREFORE, Defendant First Solar, Inc. prays that this civil action be removed
2  from the Superior Court of the State of California, County of Los Angeles to the United
3  States District Court for the Central District of California.

Dated: March 29, 2016                           PACIFIC EMPLOYMENT LAW LLP


                                                By: /s/ Maureen K. Bogue
                                                    Maureen K. Bogue
                                                    Attorneys for Defendant
                                                    FIRST SOLAR, INC.